**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KEVIN STEENECK, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>HYUNDAI MOTOR AMERICA INC. a California corporation<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, KEVIN STEENECK (hereinafter "Plaintiff"), individually and on behalf of all others similarly situated, by undersigned counsel, alleges the following upon information and belief, except for those allegations pertaining to Plaintiff, which are based on personal knowledge:

## NATURE OF THE ACTION

1. This is a consumer class action arising out of Defendant Hyundai Motor America Inc.'s ("Defendant" or "Hyundai") manufacture and sale of over 500,000 defective vehicles which were recalled due to defects with the vehicles' third-row side curtain airbags.

2. Plaintiff brings this lawsuit on behalf of himself and a proposed class of past and present owners and lessees of Hyundai Palisades vehicles, manufactured between April 10, 2019 and June 16, 2025 (collectively the "Class Vehicles") that were marketed, distributed, sold, warranted, and serviced by Defendant.

3. The Class Vehicles' third-row side curtain airbags, a critical safety component, are faulty and fail to comply with National Highway Traffic Safety Administration ("NHTSA")

headform displacement requirements as they deploy—leaving them dangerous and noncompliant with the Federal Motor Vehicle Safety Standard No. 226, "Ejection Mitigation" (the "Defect").[1]

4. Thes Class Vehicles were advertised, sold, and delivered across the United States—including in New York—without adequate warnings to purchasers or operators of the vehicles and without safeguards to prevent the malfunctioning and failure of the vehicles' third-row side airbags.

5. These malfunctions are due to defects and failures in the design, development, testing, and validation of Hyundai's third-row side curtain airbags ("Airbags"). Plaintiff seeks relief for himself and those similarly situated.

6. Defendant's failure to disclose the Defect at the time of sale—and its refusal to assume responsibility for the damage and dangers inherent in operating the defective vehicles—constitutes consumer deception and unjust enrichment. Plaintiff and Class Members would not have purchased the vehicles or would have paid significantly less had they known of defects and limited recourse available.

7. Defendant's conduct is a violation of the Magnuson-Moss Warranty Act ("MMWA"), is a breach of express warranties and implied warranties of merchantability, constitutes fraudulent concealment and unfair and deceptive business practices in violation of New York General Business Law §§ 349 and 350, and resulted in unjust enrichment to Defendant.

## FACTUAL BACKGROUND

8. Defendant has sold hundreds of thousands of the Class Vehicles across the United States and in New York.

[1] https://www.nhtsa.gov/recalls?vymm=KM8R3DGE2PU510596 (last accessed February 2, 2026)

9. Defendant has represented that the Class Vehicles it manufactures, markets, sells and services are safe and has touted earning Top Safety ratings from the Insurance Institute of Highway Safety.[2] Defendant boasts that "Hyundai's industry-leading and award-winning safety and technology features help ensure drivers arrive safely".[3]

10. In April 2025, Defendant was informed by the NHTSA that a 2025 Hyundai Palisade had failed compliance tests. Specifically, Defendant was informed by NHTSA that the third-row side airbags failed to meet the allowable headform (airbag) displacement requirements.[4]

11. In response, between July and November 2025, Defendant and NHTSA initiated an investigation and conducted multiple inspections, technical assessments. On November 5, 2025, NHTSA performed another test on one of the Class Vehicles which again produced results showing the Defect.[5]

12. On December 8, 2025, Defendant began conducting its own tests to replicate the NHTSA tests, using multiple Class Vehicles with different trim levels, which again produced results showing the Defect.[6]

13. On or about January 14, 2026, the North American Safety Decision Authority ("NASDA") determined that a defective condition existed on the Class Vehicles that results in noncompliance with Federal Motor Vehicle Safety Standard No. 226 and concluded that recall was warranted, which the NHTSA issued on January 22, 2026 (hereinafter "the Recall").[7]

14. The Recall includes all 2020-2025 Hyundai Palisades that were manufactured, marketed and sold by Defendant with production dates April 10, 2019 – June 16, 2025.

---

[2] *See e.g.* https:www.hyundainews.com/releases/4358 (last visited February 2, 2026)
[3] *Id.*
[4] Part 573 NHTSA Safety Recall Report 26V-034 (January 22, 2026) (https://static.nhtsa.gov/odi/rcl/2026/RCLRPT-26V034-7650.pdf
[5] *Id.*
[6] Id.
[7] Id.

15. The Recall states that the Airbags may not comply with the requirements of Federal Motor Vehicle Safety Standard number 226, “Ejection Mitigation”.

16. Despite the Recall and knowledge of the Defect and safety issues affecting the Class Vehicles, Defendant continued to market and sell the Class Vehicles “as is” and without either repairing or correcting the defective condition or providing notice to owners or potential purchasers of the Class Vehicles.

17. Despite the Recall, knowledge of the defects and dangers, and the resulting safety and transferability issues, Defendant has failed to provide proper and adequate notice to Plaintiff, a lessee of a 2023 Hyundai Palisade, or the Class Members of the nature and consequences of the Recall.

18. Defendant has neither provided nor promised to provide Plaintiff or the Class Members with a remedy, repair, fix, or financial reimbursement or support, even though their defective vehicles pose a dangerous risk when operated and are illegal to sell in their defective condition.

19. To date, Hyundai has failed to remedy this safety Defect under its warranty, forcing Class Vehicle owners to continue operating vehicles with the Defect.

20. Hyundai has not provided Class Vehicle owners or third-party dealers with an effective repair, and the only safety recall issued to date has not corrected the underlying problem.

21. Despite having pre-sale knowledge of the Defect, Defendant failed to disclose it to Plaintiff and other Class Members at the time of purchase or lease. Had they done so, Plaintiff and Class Members would not have purchased the Class Vehicles or would have paid substantially less for them.

22. Defendant is a large and sophisticated corporation that has been in the business of producing, manufacturing, marketing and selling motor vehicles for consumer use for many years, including producing and manufacturing the Class Vehicles.

23. Defendant is in the unique and superior position of knowing how the Class Vehicles are manufactured and the steps needed to produce safe vehicles.

24. Accordingly, Defendant possesses superior knowledge regarding the risks involved in the production and manufacturing of the Class Vehicles.

25. The fact that the Airbags may malfunction and/or fail to comply with applicable NHTSA safety standards, is not information that is reasonably accessible to Plaintiff and the Class Members. The only possible way for Plaintiff and the Class Members to obtain such information would be to conduct their own independent testing on the Class Vehicles prior to purchasing them. No reasonable consumer commissions independent testing of airbags before purchasing a vehicle.

26. Defendant has a duty to provide consumers, like Plaintiff and Class Members, with accurate information about the Class Vehicles.

27. Therefore, Defendant's deceptive omissions regarding the Class Vehicles' defective third-row airbags are likely to continue to deceive and mislead reasonable consumers and the public, as they have already deceived and misled Plaintiff and the Class Members.

28. By omitting notice to purchasers that the Class Vehicles are defective in that the Airbags may fail throughout the Class Period, Defendant knew that those omissions are material to consumers since they would not purchase vehicles which have defective Airbags or would have paid substantially less for them.

29. Defendant's deceptive omissions are material in that a reasonable person would attach importance to such information and would be induced to act upon such information in making purchase decisions.

30. Plaintiff and the Class Members reasonably relied to their detriment on Defendant's misleading omissions.

31. Defendant's false, misleading, and deceptive omissions are likely to continue to deceive and mislead reasonable consumers and the general public, as it has already deceived and misled Plaintiff and the Class Members.

32. In making the false, misleading, and deceptive omissions described herein, Defendant knew and intended that consumers would pay a premium for the Class Vehicles marketed as they were by Defendant—without the defective Airbags—over comparable vehicles not so marketed.

33. Defendant has and will continue to benefit from their unlawful conduct—by selling more vehicles, at a higher price, and avoiding warranty obligations—while Class Members continue to be harmed at the point of sale.

34. As an immediate, direct, and proximate result of Defendant's false, misleading, and deceptive representations and omissions, Defendant injured Plaintiff and the Class Members in that they:

a. Paid a sum of money for the Class Vehicles that were not what Defendant represented;

b. Paid a premium price for the Class Vehicles that were not what Defendant represented;

c. Were deprived of the benefit of the bargain because the Class Vehicles they purchased were different from what Defendant warranted;

d. Were deprived of the benefit of the bargain because the Class Vehicles they

purchased had less value than what Defendant represented;

e. Purchased and operated vehicles that were of a different quality than what Defendant promised;

f. Were denied the benefit of the properties of the Class Vehicles Defendant promised; and

g. Have incurred costs and expenses, and will continue to incur costs and expenses, for software updates and upgrades to attempt to repair the Defect.

35. Had Defendant not made the false, misleading, and deceptive omissions, Plaintiff and the Class Members would not have been willing to pay the same amount for the Class Vehicles they purchased and, consequently, Plaintiff and the Class Members would not have been willing to purchase the Class Vehicles.

36. Defendant has not issued any bulletins or instructions to its dealerships regarding the Defect, has not offered to their customers a suitable repair or replacement related to the Defect free of charge, and has not reimbursed all Class Vehicle owners and leaseholders who incurred costs for repairs related to the Defect.

37. To remedy Defendant's unlawful conduct, Plaintiff seeks damages and restitution from Defendant for himself and on behalf of putative Class Members, as well as Defendant's appropriate notification about the Defect to the putative class.

## JURISDICTION AND VENUE

38. This Court has subject matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. section §1332(d) in that (1) this is a class action involving more than 100 Class Members; (2) Plaintiff is a citizen of New York and Defendant is a California corporation; and (3) the amount in controversy is in excess of $5,000,000, exclusive of interests and costs.

39. This Court has personal jurisdiction over Defendant because Defendant conducts and transacts business in the state of New York, contracts to supply goods within the state of New York, and supplies goods within the state of New York.

40. Venue is proper because Plaintiff and many Class Members reside in the Eastern District of New York, and throughout the state of New York. A substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

41. Plaintiff is a citizen and resident of Suffolk County, New York.

42. Plaintiff leased a 2023 Hyundai Palisade SRT, one of the Class Vehicles, in person at Centereach Hyundai, a brick and mortar Hyundai dealership, in 2022 in Suffolk County, New York.

43. Defendant is a California corporation, doing business throughout the United States, with its principal place of business in Fountain Valley, California.

## CLASS ALLEGATIONS

44. Plaintiff brings this matter on behalf of himself and those similarly situated. Pursuant to Fed. R. Civ. P. 23, Plaintiff seeks to represent the following Nationwide class:

> All persons or entities who purchased or leased in the United States of America one or more 2020 to 2025 Hyundai Palisades vehicles with production dates from April 10, 2019 through June 16, 2025 (the "Class") (excluding Defendant and its agents or employees).

45. As detailed in this Complaint, Defendant orchestrated deceptive marketing practices. Defendant's customers were uniformly impacted by and exposed to this misconduct. Accordingly, this Complaint is uniquely situated for class-wide resolution.

46. Plaintiff also seeks certification, to the extent necessary or appropriate, of a subclass of individuals who purchased the Class Vehicles in the state of New York at any time during the Class Period (the "New York Subclass").

47. The Class and New York Subclass are referred to collectively throughout the Complaint as the Class.

48. The Class is properly brought and should be maintained as a class action under Rule 23(a), satisfying the class action prerequisites of numerosity, commonality, typicality, and adequacy because:

49. Numerosity: Class Members are so numerous that joinder of all Members is impracticable. Plaintiff believes, and the Recall indicates, that there are thousands of consumers in the Class and the New York Subclass who are Class Members as described above who have been damaged by Defendant' deceptive and misleading practices.

50. Commonality: The questions of law and fact common to the Class Members which predominate over any questions which may affect individual Class Members include, but are not limited to:

a. Whether the Class Vehicles suffer from the Defect;

b. Whether the Defect was a material defect;

c. Whether the Defect creates an unreasonable safety hazard;

d. Whether Defendant weas responsible for the conduct alleged herein which was uniformly directed at all consumers who purchased the Class Vehicles;

e. Whether Defendant knew or reasonably knew of the Defect before they sold or leased the Class Vehicles to Class Members;

f. Whether Defendant had and has a duty to disclose the Defect to Plaintiff and the Class;

g. Whether Defendant's misconduct set forth in this Complaint demonstrates that Defendant has engaged in unfair, fraudulent, or unlawful business practices with respect to the advertising, marketing, and sale of the Class Vehicles;

h. Whether Defendant made false and/or misleading statements and omissions to the Class and the public concerning its Class Vehicles;

i. Whether Defendant's false and misleading statements and omissions concerning its Class Vehicles were likely to deceive the public;

j. Whether Plaintiff and the Class are entitled to equitable relief;

k. Whether Defendant breached express warranties and the implied warranty of merchantability, engaged in fraudulent concealment and unjust enrichment;

l. Whether Defendant violated New York General Business Law §§ 349 and 350; and

m. Whether Plaintiff and the Class are entitled to money damages under the same causes of action as the other Class Members.

51. Typicality: Plaintiff is a member of the Class. Plaintiff's claims are typical of the claims of each Class Member in that every member of the Class was susceptible to the same deceptive, misleading conduct and purchased or leased Defendant's defective Class Vehicles. Plaintiff is advancing the same legal claims and theories and is seeking the same relief under the same causes of action as the other Class Members.

52. Adequacy: Plaintiff is an adequate Class representative because his interests do not conflict with the interests of the Class Members he seeks to represent, his claims are common to all Members of the Class, he has a strong interest in vindicating his rights, he has retained counsel competent and experienced in complex class action litigation, and counsel intends to vigorously prosecute this action.

53. Predominance: Pursuant to Rule 23(b)(3), common issues of law and fact identified above predominate over any other questions affecting only individual Class Members. The Class issues fully predominate over any individual issues because no inquiry into individual conduct is necessary; all that is required is a narrow focus on Defendant's deceptive and misleading marketing and labeling practices.

54. Superiority: A class action is superior to the other available methods for the fair and efficient adjudication of this controversy because:

a. The joinder of thousands of individual Class Members is impracticable, cumbersome, unduly burdensome, and a waste of judicial and/or litigation resources;

b. The individual claims of the Class Members may be relatively modest compared with the expense of litigating the claims, thereby making it impracticable, unduly burdensome, and expensive—if not totally impossible—to justify individual actions;

c. When Defendant's liability has been adjudicated, all Class Members' claims can be determined by the Court and administered efficiently in a manner far less burdensome and expensive than if it were attempted through filing, discovery, and trial of all individual cases;

d. This class action will promote orderly, efficient, expeditious, and appropriate adjudication and administration of Class claims;

e. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action;

f. This class action will assure uniformity of decisions among the Class Members;

g. The Class is readily definable and prosecution of this action as a class action will eliminate the possibility of repetitious litigation;

h. Class Members' interests in individually controlling the prosecution of separate actions are outweighed by their interest in efficient resolution by a single class action;

i. It would be desirable to concentrate in this single venue the litigation of all Class Members who were induced by Defendant's uniform false advertising to purchase their Class Vehicles; and

j. Defendant has acted, and refused to act, on grounds generally applicable to the Class, making it appropriate for final equitable relief with respect to the Class as a whole.

55. Accordingly, this Class is properly brought and should be maintained as a class action under Rule 23(b)(3) because questions of law or fact common to Class Members predominate over any questions affecting only individual Members, and because a class action is superior to other available methods for fairly and efficiently adjudicating this controversy.

## CLAIMS

### FIRST CAUSE OF ACTION
### VIOLATION OF THE MAGNUSON-MOSS WARRANTY ACT
### (On Behalf of Plaintiff and the Class)

56. Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

57. The MMWA, 15 U.S.C. § 2301(3), defines a "consumer product" as "any tangible personal property which is distributed in commerce and which is normally used for personal, family, or household purposes."

58. The Class Vehicles are consumer products within the meaning of the MMWA.

59. Plaintiff and Class Members are "consumers" as defined in 15 U.S.C. § 2301(3).

60. Defendant is a "supplier" and "warrantor" as those terms are defined in 15 U.S.C. § 2301(4) and (5), because it is engaged in the business of manufacturing, distributing, and warranting the Class Vehicles.

61. Defendant issued written warranties in connection with the sale and lease of the Class Vehicles, including a New Vehicle Limited Warranty that expressly warrants that Hyundai will repair or replace defects in materials or workmanship.

62. The Defect constitutes a defect in materials and/or workmanship that substantially impairs the use, value, and safety of the Class Vehicles.

63. Plaintiff's vehicle manifested the Defect during the warranty period, and Defendant has failed to remedy the Defect despite multiple repair opportunities.

64. Defendant's failure to repair the Defect constitutes a breach of written warranty under the MMWA, entitling Plaintiff and Class Members to damages, including diminution in value, loss of use, and other consequential damages, pursuant to 15 U.S.C. § 2310(d)(1).

65. Plaintiff and Class Members seek all remedies permitted under the MMWA, including actual damages, equitable relief, and attorneys' fees.

**SECOND CAUSE OF ACTION**
**UNJUST ENRICHMENT**
**(On Behalf of Plaintiff and the Class)**

66. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

67. Plaintiff, on behalf of himself and consumers nationwide, brings a claim for unjust enrichment.

68. Defendant's conduct violated, *inter alia*, state law by manufacturing, advertising, marketing, and selling their Class Vehicles while misrepresenting and omitting material facts.

69. Defendant's unlawful conduct as described in this Complaint allowed Defendant to knowingly realize substantial revenues from selling the Class Vehicles at the expense of, and to the detriment or impoverishment of, Plaintiff and Class Members and to Defendant's benefit and enrichment. Defendant has thereby violated fundamental principles of justice, equity, and good conscience.

70. Plaintiff and Class Members conferred significant financial benefits and paid substantial compensation to Defendant for the Class Vehicles, which were not as Defendant represented them to be.

71. Accordingly, it is inequitable for Defendant to retain the benefits conferred by Plaintiff and Class Members' overpayments.

72. Plaintiff and Class Members seek disgorgement of all profits resulting from such overpayments so that Plaintiff and Class Members may seek restitution.

**<u>THIRD CAUSE OF ACTION</u>**
**Fraudulent Concealment**
**(On behalf of Plaintiff and the Class)**

73. Plaintiff incorporates by reference all allegations contained in this Complaint as though fully stated herein.

74. By affirmatively misrepresenting the Class Vehicles as reliable and safe, and by failing to disclose and concealing the defective nature of the Class Vehicles' Airbags from Plaintiff and Class Members, Defendant concealed and suppressed material facts concerning the performance and quality of the Class Vehicles.

75. Defendant knew that the Class Vehicles' Airbags suffered from an inherent defect, were defectively manufactured or made, would fail prematurely, and were not suitable for their intended use.

76. Defendant was under a duty to Plaintiff and the Class Members to disclose the defective nature of the Class Vehicles' defective Airbags and/or the associated repair costs because:

a. Defendant was in a superior position to know the true facts about the Defect contained in the Class Vehicles; Defendant knew that the Class Vehicles suffered from an inherent defect and were not suitable for their intended use;

b. Plaintiff and the Class Members could not reasonably have been expected to learn or discover that the Class Vehicles' Airbags have a dangerous Defect until after they purchased or leased the Class Vehicles; and

c. Defendant knew that Plaintiff and the Class Members could not reasonably have been expected to learn about or discover the Defect.

77. Defendant still has not made full and adequate disclosures and continues to

defraud consumers by concealing material information regarding the Defect and the performance, safety and quality of Class Vehicles.

78. The facts concealed or not disclosed by Defendant to Plaintiff and Class Members are material in that a reasonable person would have considered them to be important in deciding whether or not to purchase the Class Vehicles.

79. Plaintiff and Class Members relied on Defendant to disclose material information it knew, such as the defective nature of the Airbags in the Class Vehicles, and not to induce them into a transaction they would not have entered had the Defendant disclosed this information.

80. By failing to disclose the Defect, Defendant knowingly and intentionally concealed material facts and breached its duty not to do so.

81. The facts concealed or not disclosed by Defendant to Plaintiff and the other Class Members are material because a reasonable consumer would have considered them to be important in deciding whether or not to purchase the Class Vehicles, or to pay less for them.

82. Had Plaintiff and other Class Members known that the Class Vehicles suffer from the Defect, they would not have purchased the Class Vehicles or would have paid less for them.

83. Plaintiff and the other Class Members are reasonable consumers who do not expect that their vehicles will suffer from a Defect. That is the reasonable and objective consumer expectation for vehicles.

84. As a result of Defendant's misconduct, Plaintiff and the other Class Members have been harmed and have suffered actual and economic damages in that the Class Vehicles are defective and require repairs or replacement parts and are worth less money because of the Defect.

85. Accordingly, Defendant is liable to Plaintiff and Class Members for damages in an amount to be proven at trial.

86. Motivated by profit, Defendant acted maliciously, oppressively, deliberately, with intent to defraud, and in reckless disregard of Plaintiff's and the Class's rights and well-being. Upon information and belief, Defendant's conduct warrants an assessment of punitive damages in an amount sufficient to deter such conduct in the future, which amount is to be determined according to proof.

87. Defendant has profited and benefited from Plaintiff's and Class Members' purchase of Class Vehicles containing the Defect. Defendant has voluntarily accepted and retained these profits and benefits with full knowledge and awareness that, as a result of the misconduct alleged herein, Plaintiff and Class Members were not receiving vehicles of the quality, nature, fitness, or value that had been represented by Defendant, and that a reasonable consumer would expect.

88. Defendant has been unjustly enriched by its fraudulent, deceptive, and otherwise unlawful conduct in connection with the sale and lease of Class Vehicles and by withholding benefits from Plaintiff and Class Members at the expense of these parties. Equity and good conscience militate against permitting Defendant to retain these profits and benefits, and it should be required to make restitution of its ill-gotten gains resulting from the conduct alleged herein.

89. Plaintiff seeks damages and injunctive and equitable relief for himself and for the Class.

## FOURTH CAUSE OF ACTION
**Breach of Implied Warranty of Merchantability**
**(On behalf of Plaintiff and the Class)**

90. Plaintiff incorporates by reference all allegations contained in this Complaint as though fully stated herein.

91. Defendant is a merchant with respect to motor vehicles.

92. The Class Vehicles were subject to implied warranties of merchantability running from the Defendant to Plaintiff and to Class Members.

93. An implied warranty that the Class Vehicles were merchantable arose by operation of law as part of the sale or lease of the Class Vehicles.

94. Defendant breached the implied warranty of merchantability in that the Class Vehicles suffer from the Defect referenced herein and thus were not in merchantable condition when Plaintiff and Class Members purchased or leased the Class Vehicles, or at any time thereafter, and the Class Vehicles are unfit for the ordinary purposes for which such vehicles were purchased or leased to be used.

95. Specifically, the Class Vehicles suffer from a Defect with the Airbags—a defect increasing the risk of injury to third row occupants and rendering the Class Vehicles unsafe and unlawful to operate.

96. As a result of Defendant's breach of the applicable implied warranties, owners and lessees of the Class Vehicles suffered an ascertainable loss of money, property, and/or value of their Class Vehicles.

97. Defendant's actions, as complained of herein, breached the implied warranty that the Class Vehicles were of merchantable quality and fit for such use.

**FIFTH CAUSE OF ACTION**
**Breach of Express Warranty**
**(On behalf of Plaintiff and the Class)**

98. Plaintiff incorporates by reference all allegations contained in this Complaint as though fully stated herein.

99. In connection with the sale or lease of the Class Vehicles, Defendant provided Plaintiff and Class Members with their New Vehicle Limited Warranty where Defendant promised to repair defective parts within 5 years or 60,000 miles in service, whichever comes first.

100. Plaintiff and Class Members relied on Defendant's warranty when they agreed to purchase or lease the Class Vehicles, and Defendant's warranty was part of the basis of the bargain.

101. Plaintiff and Class Members submitted their vehicles for warranty repairs as referenced herein. Defendant failed to comply with the terms of the express written warranty provided to each Class Member, by failing to repair the Defect under the vehicle's warranty within a reasonable period of time as described herein.

102. Plaintiff and Class Members have given Defendant reasonable opportunity to cure said Defect, but Defendant has been unable and/or have refused to do so within a reasonable time.

103. As a result of said nonconformities, Plaintiff and Class Members cannot reasonably rely on the Class Vehicles for the ordinary purpose of safe, reliable, comfortable, and efficient transportation with passengers.

104. Plaintiff and Class Members could not reasonably have discovered said nonconformities with the Class Vehicles prior to Plaintiff and Class Members' acceptance of the Class Vehicles.

105. Plaintiff and Class Members would not have purchased or leased the Class Vehicles, or would have paid less for the Class Vehicles, had they known, prior to their respective

time of purchase or lease, that Class Vehicles contained the Defect.

106. As a direct and proximate result of the willful failure of Defendant to comply with its obligations under the express warranty, Plaintiff and Class Members have suffered actual and consequential damages. Such damages include, but are not limited to, the loss of the use and enjoyment of their vehicles, and a diminution in the value of the vehicles containing the defects identified herein.

**SIXTH CAUSE OF ACTION**
**VIOLATION OF NEW YORK GBL § 349**
**(On Behalf of Plaintiff and New York Subclass Members)**

107. Plaintiff repeats and realleges each and every allegation contained in all the foregoing paragraphs as if fully set forth herein.

108. New York General Business Law Section 349 ("GBL § 349") declares unlawful "[d]eceptive acts or practices in the conduct of any business, trade, or commerce or in the furnishing of any service in this state . . ."

109. The conduct of Defendant alleged herein constitutes recurring, "unlawful" deceptive acts and practices in violation of GBL § 349, and as such, Plaintiff and the New York Subclass Members seek monetary damages against Defendant.

110. There is no adequate remedy at law.

111. Defendant misleadingly, inaccurately, and deceptively advertises and markets their Class Vehicles to consumers.

112. Defendant's improper consumer-oriented conduct—selling their Class Vehicles without disclosing the defective condition of the vehicles' Airbags and associated safety risks when operating the Class Vehicles—is misleading in a material way in that it, *inter alia*, induced Plaintiff and the New York Subclass Members to purchase Defendant's Class Vehicles.

113. Defendant made the untrue and/or misleading statements and omissions willfully, wantonly, and with reckless disregard for the truth.

114. Plaintiff and the New York Subclass Members have been injured inasmuch as they purchased Class Vehicles that were misrepresented.

115. Accordingly, Plaintiff and the New York Subclass Members received less than what they bargained and paid for.

116. Defendant's advertising and Class Vehicles' marketing regarding safety and other features induced Plaintiff and the New York Subclass Members to buy Defendant' Class Vehicles.

117. Defendant's deceptive and misleading practices constitute a deceptive act and practice in the conduct of business in violation of GBL § 349(a) and Plaintiff and the New York Subclass Members have been damaged thereby.

118. As a result of Defendant's recurring, "unlawful" deceptive acts and practices, Plaintiff and the New York Subclass Members are entitled to monetary, statutory, and compensatory damages, restitution, and disgorgement of all moneys obtained by means of Defendant's unlawful conduct, interest, and attorneys' fees and costs.

## SEVENTH CAUSE OF ACTION
## VIOLATION OF NEW YORK GBL § 350
**(On Behalf of Plaintiff and the New York Subclass Members)**

119. Plaintiff repeats and realleges each and every allegation contained in all the foregoing paragraphs as if fully set forth herein.

120. N.Y. Gen. Bus. Law § 350 provides, in part, as follows:

> False advertising in the conduct of any business, trade, or commerce or in the furnishing of any service in this state is hereby declared unlawful.

121. N.Y. Gen. Bus. Law § 350a(1) provides, in part, as follows:

> The term 'false advertising, including labeling, of a commodity, or of the kind, character, terms or conditions of any employment opportunity if such advertising is misleading in a material respect. In determining whether any advertising is misleading, there shall be taken into account (among other things) not only representations made by statement, word, design, device, sound or any combination thereof, but also the extent to which the advertising fails to reveal facts material in the light of such representations with respect to the commodity or employment to which the advertising relates under the conditions proscribed in said advertisement, or under such conditions as are customary or usual . . .

122. Defendant's marketing and advertisements contain untrue and materially misleading statements and omissions concerning their Class Vehicles inasmuch as it omits disclosure of the potential safety risks associated with the Class Vehicles due to their third-row airbags failure to comply with safety standards.

123. Plaintiff and the New York Subclass Members have been injured inasmuch as they relied upon the vehicle information, marketing, and advertising and purchased or leased Class Vehicles that were defective, unsafe to operate and illegal to sell.

124. Accordingly, Plaintiff and the New York Subclass Members received less than what they bargained and paid for.

125. Defendant's advertising and marketing induced Plaintiff and the New York Subclass Members to buy Defendant' Class Vehicles.

126. Defendant made its untrue and/or misleading statements and representations willfully, wantonly, and with reckless disregard for the truth.

127. Defendant's conduct constitutes multiple, separate violations of N.Y. Gen. Bus. Law § 350.

128. Defendant made the material omissions described in this Complaint in its advertising and on the Class Vehicles' information materials and manuals.

129. Defendant's material misrepresentations were substantially uniform in content, presentation, and impact upon consumers at large. Moreover, all consumers purchasing the Class Vehicles were and continue to be exposed to Defendant's material misrepresentations.

130. As a result of Defendant's recurring, "unlawful" deceptive acts and practices, Plaintiff and New York Subclass Members are entitled to monetary, statutory, and compensatory damages, restitution, and disgorgement of all moneys obtained by means of Defendant's unlawful conduct, interest, and attorneys' fees and costs.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and the Class, prays for judgment as follows:

(a) An Order declaring this action to be a proper class action and certifying Plaintiff as the representative of the Class under Rule 23 of the FRCP;

(b) An Order awarding monetary damages, restitution damages and treble damages;

(c) An Order awarding statutory damages of $50 per transaction, and treble damages for knowing and willful violations, pursuant to N.Y. GBL § 349;

(d) An Order awarding statutory damages of $500 per transaction pursuant to N.Y. GBL § 350;

(e) An order requiring disgorgement and awarding Plaintiff and the Class restitution, and/or other equitable relief as the Court deems proper;

(f) An Order that Defendant establish a court-supervised program to remedy and repair the Class Vehicles;

(g) Awarding Plaintiff and Class Members their costs and expenses incurred in this action,

including reasonable allowance of fees for Plaintiff's attorneys, experts, and reimbursement of Plaintiff's expenses; and

(h) Granting such other and further relief as the Court may deem just and proper.

Dated: February 5, 2026

**SULTZER & LIPARI, PLLC**

By: /s/ Jason P. Sultzer
Jason P. Sultzer, Esq.
85 Civic Center Plaza, Suite 200
Poughkeepsie, NY 12601
Tel: (845) 483-7100
Fax: (888) 749-7747
sultzerj@thesultzerlawgroup.com

*Counsel for Plaintiff and the Class*